# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
*Criminal No.: 22-40 (JRT/LIB)(1)*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S MOTION FOR** |
| vs. | ) | **RECONSIDERATION OF DETENTION** |
| | ) | |
| HARSHKUMAR PATEL, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Defendant, HARSHKUMAR PATEL, by and through the undersigned attorney, moves the Court for review of the detention order (Docket 13), and a revocation or amendment of his detention order pursuant to 18 U.S.C. § 3145(b). Since Mr. Patel waived his right to contest the detention, he has not been able to present reasons why he should be released on bond.

This statute confers on the district court the power and responsibility "to reconsider the conditions of release fixed by another judicial officer …as unfettered as it would be if the district court were considering whether to amend its own action." *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985) (en banc) (quoting *United States v. Thibodeaux*, 663 F.2d 520, 522 (5th Cir. 1981)).

Pursuant to 3145(b), a defendant may file, with the court having original jurisdiction over the matter, a motion for reconsideration. In making this review, the reviewing court "should proceed de novo." *Id*. It is presumed that a defendant will be released on personal recognizance or unsecured appearance bond unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other

person or the community. (18 U.S.C. §3142 (b) Where a judicial officer determines that the release described in subsection (b) will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person on conditions. *Id.* at (c)(1). Detention is reserved only for those defendants that a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of and the safety of any other person and the community. *Id.* at (e) (1).

## PROCEDURAL HISTORY

On March 21, 2024, HARSHKUMAR PATEL and his codefendant were charged by way of a superseding indictment with, *inter alia¸* Conspiracy to Bring Aliens to the United States Causing Serious Bodily Injury and Placing Lives in Jeopardy, pursuant to 8 United States Code 1324(a)(1)(A)(i), 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(iii);

On February 28, 2024, Mr. Patel, after having been arrested on a warrant, appeared before Magistrate Judge David Weisman in the Northern District of Illinois. In anticipation of the court appearance a bond report was created which recommended detention. Mr. Patel waived his right to a detention hearing without prejudice with leave to renew in the charging district. Mr. Patel's transfer to Minnesota was ordered.

On March 11, 2024, Mr. Patel had an initial appearance before Magistrate Judge Dulce Foster in Minnesota Federal District Court. An addendum to the bond report was submitted in anticipation of Mr. Patel's Minnesota court appearance, which recommended he be detained. (Pretrial Services Report (Addendum 3/11/2024)). Mr. Patel did not have a detention hearing at that time.

Since the last date, Mr. Patel's fiancé, Megha Patel, has offered to allow Mr. Patel to live

with her and her parents at their home in Savannah, TN. Ms. Patel is an American citizen, has no criminal record and is gainfully employed.

## CONCLUSION

Mr. HARSHKUMAR PATEL respectfully moves this Court to allow his release on whatever conditions this Court sees fit.

This Motion is based upon all the files, records, and proceedings herein.


Respectfully submitted,

Dated:   April 17, 2024                              */s/ Thomas More Leinenweber*
Thomas More Leinenweber
Appearing Pro Hac Vice
Attorney for Defendant
120 North LaSalle Street, Suite 2000
Chicago, IL 60602
Phone: (312) 403-1312
Email: thomas@ilesq.com