UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERCA,

        Plaintiff,

v.

HARSHKUMAR RAMANLAL PATEL (1),
a/k/a "Dirty Harry,"
a/k/a Harry Patel,
a/k/a Param Singh,
a/k/a Haresh Rameshlal Patel,
a/k/a Harshkumar Singh Patel,

        Defendant.

Crim. No. 22-cr-40(1) (JRT/LIB)

**ORDER OF DETENTION**

      This matter came before the Court on April 26, 2024, on a motion to reconsider detention and for a detention hearing. Harshkumar Ramanlal Patel was represented by Thomas Leinenweber. The United States was represented by Assistant United States Attorneys Laura Provinzino and Michael McBride.

      Harshkumar Ramanlal Patel was charged by complaint on September 7, 2023. See 23-mj-673 (TNL); Gov't Ex. 1; (Compl. [Docket No. 2]). He was charged with one count of bringing or attempting to bring aliens to the United States and one count of aiding and abetting the transportation of aliens in the United States. Mr. Patel was arrested on February 21, 2024, in Chicago, Illinois.

      On March 11, 2024, Mr. Patel made his initial appearance in the District of Minnesota before the Honorable Dulce J. Foster. U.S. Pretrial Services recommended that Mr. Patel be detained. Mr. Patel waived a detention hearing. As to the issue of detention, Magistrate Judge

Foster ruled: "based on the record before the Court, including the defendant's waiver and recommendation of U.S. Probation and Pretrial Services, there is no condition or combination of conditions that would reasonably assure Mr. Patel's appearance at future court proceedings." See 23-mj-673 (TNL) at [Docket No. 13].

On March 21, 2024, a grand jury returned a 7-count superseding indictment against Mr. Patel. (Superseding Indictment [Docket No. 72]). The indictment charges: conspiracy to bring aliens to the United States causing serious bodily injury and placing lives in jeopardy (Count 1); aiding and abetting bringing aliens to the United States causing serious bodily injury and placing lives in jeopardy (Count 2); bringing or attempting to bring aliens to the United States causing serious bodily injury and placing lives in jeopardy (Count 3); conspiracy to transport aliens causing serious bodily injury and placing lives in jeopardy; (Count 4); aiding and abetting the transport of aliens in the United States causing serious bodily injury and placing lives in jeopardy (Count 5); transportation of aliens in the United States causing serious bodily injury and placing lives in jeopardy (Count 6); and transportation of aliens in the United States for the purpose of commercial advantage and private financial gain (Count 7). Counts 1 through 6 carry a statutory penalty of 20 years. Count 7 carries a statutory penalty of 10 years.

Mr. Patel moved to reconsider detention. (Def.'s Motion for Reconsideration [Docket No. 82]). Mr. Patel represents that since his last court appearance, his fiancée has offered to have Mr. Patel live with her and her parents in Savannah, Tennessee. Mr. Patel reports that his fiancée is an American citizen, has no criminal record, and is gainfully employed. (Id. at 3).

In opposition to the Defendant's motion, the United States moved for detention. [Docket No. 85]. In addition to offering the criminal complaint (Gov't Exhibit 1), which included the

affidavit of Special Agent Manuel Jimenez that accompanies the criminal complaint and arrest warrant, the United States also offered a photocopy of the biographic page of Haresh Rameshlal Patel's still valid passport issued by the Republic of India (Gov't Exhibit 2) and a photocopy of Haresh Rameshlal Patel's still valid provisional Maryland driver's license (Gov't Exhibit 3).

## FINDINGS OF FACT

First, the Court considered the procedural posture of the defendant's motion, recognizing that while he had "waived" his detention hearing, he had been ordered detained by Judge Foster based on the information provided by USPPS that he was a risk of non-appearance at future court proceedings. The Court asked defense counsel to identify any change in circumstances or new facts or evidence for the Court's consideration. Defense counsel identified that since his initial appearance in the District of Minnesota, where he waived a detention hearing, he had spoken with Mr. Patel's fiancée and learned that his fiancée and her family were amenable to having Mr. Patel live with them in Tennessee during the pendency of the case. Mr. Patel proffered that his fiancée has no criminal history and is gainfully employed. This Court finds that there was new information presented that was not available earlier and which was not documented in the two pretrial services bond reports; it is sufficient to reopen consideration of detention.

The United States argued for detention first based on the information provided in the earlier pretrial services reports. The Government also provided additional information about the nature and circumstances of the alleged offenses and the weight of the evidence against the defendant. The Government primarily focused on the defendant's risk of non-appearance, including his current ties to India and Canada and his minimal ties to the United States. Mr. Patel was not employed and did not have property in Minnesota. Mr. Patel's illegal entry into the United States

3

was documented in the Government's Exhibit 1, and there is a current ICE detainer. Mr. Patel had a previously undisclosed yet valid Maryland identification document despite having no reported connections to that state. Moreover, Mr. Patel still maintained a valid Indian passport despite his representations to USPPS that it had expired. In addition, Mr. Patel has used various aliases—both as to names and dates of birth. The United States also commented that Defendant's proposed release plan to his fiancée seemed insufficient and presented too many unknowns. Based on all of the 18 U.S.C. § 3142(g) factors, the United States argued for detention based on risk of nonappearance and community safety.

The defendant, through his counsel, argued for his release to his fiancée's home in Tennessee. The defendant has no criminal history and is not a violent person. The defendant has immigration counsel and wants to remain in the United States, where he has been for the last eight years. While he recognizes that his entry to this country did not happen through proper channels, the defendant wants to stay. He has only limited family back in India, where he was raised by his grandmother and is largely separated from his parents. As a result, the defendant argued that he was not at risk of flight, was not a danger to the community, he would remain law abiding, follow any conditions as the Court deemed fit, and would return for all court appearances.

## **CONCLUSIONS OF LAW**

This Court finds, based on the information provided in the prior pretrial services bond reports, the evidence adduced at the April 26th hearing, and the arguments of counsel, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant pursuant to 18 U.S.C. § 3142(e). The United States met its burden by the preponderance of the evidence that the defendant is a risk of nonappearance at future proceedings. Accordingly,

the Court will grant the United States' motion for detention as to Defendant, Harshkumar Ramanlal Patel.

Under the Bail Reform Act, the Court is charged with imposing the least restrictive conditions unless no condition or combination of conditions can reasonably assure the defendant's appearance or the safety of the community.

The Government bears the burden by a preponderance of the evidence to demonstrate that the defendant is a risk of non-appearance at future court proceedings.[1]

In finding that the Government met its burden as to the risk of non-appearance at future court proceedings, the Court considered the factors under 18 U.S.C. § 3142(g). The Court considered the report and recommendation of U.S. Probation and Pretrial Services. The Court considered the nature and circumstances of the offense and the weight of the evidence. Without commenting on the strength of the case, this Court recognizes that the penalty for the charged crimes could be up to 20 years in custody.

The Court also considered the history and characteristics of the defendant. The fact that he did not lawfully enter the U.S. and presently has an ICE detainer is not dispositive to this Court. Other facts weigh in favor of detention. First, the defendant has <u>zero</u> ties to the District of Minnesota. He has no family here. He has no property in Minnesota. He is not employed here (or anywhere). And he does not identify any friends or other associates in Minnesota. Second, less restrictive options such as GPS monitoring or another form of house curfew in Tennessee do not, in and of themselves, assure future court appearances as GPS monitors can be readily disabled and removed. Third, there has been a probable cause determination in the form of the initial Complaint

---

[1] The Government has a higher burden—clear and convincing evidence—if it seeks to show detention is needed because the defendant is a danger to others or the community.

and the current Superseding Indictment that Mr. Patel has access to means of travel in and out of the United States: vehicles, money, and a previously undisclosed, valid passport from India. All of those items can facilitate international travel. Fourth, separate from Minnesota, Mr. Patel has limited ties even to the United States. Mr. Patel could not recall the name and contact information for the uncle in New York he told pretrial services he has purportedly been living with, and that information in the pretrial services reports remains unverified. Defendant also has contradictory identification information by also possessing a previously undisclosed but valid Maryland identification document with a listed residential address to which Defendant has no connection. The proffer regarding Mr. Patel's fiancée is also not strong, and the circumstances surrounding his arrest in Chicago, during which his fiancée identified the Defendant as her brother, themselves raise concerns. In total, he does not have ties of a sufficient strength to either the District of Minnesota or the United States to give this Court confidence that he will appear for future proceedings.

Given the information available to this Court, the Government has met its burden that Defendant is a risk of non-appearance at future court proceedings. For the reasons set forth above, and based on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. The motion of the United States for continued detention of Defendant is **GRANTED**;
2. The defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. The defendant shall be afforded reasonable opportunity to consult privately with counsel; and

4. Upon order of a court of the United States or on request of an attorney for the Government, the person or persons in charge of the corrections facility or facilities in which the defendant is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: May 10, 2024                                                s/Leo I. Brisbois
                                                                                                     Hon. Leo I. Brisbois
                                                                                                      U.S. MAGISTRATE JUDGE