UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 22-40 (JRT/LIB)

UNITED STATES OF AMERICA,

        Plaintiff,                      **GOVERNMENT'S MOTION FOR
A PROTECTIVE ORDER**

   v.

(1) 1. HARSHKUMAR RAMANLAL
    PATEL
    a/k/a "Dirty Harry,"
    a/k/a Harry Patel,
    a/k/a Param Singh,
    a/k/a Haresh Rameshlal Patel,
    a/k/a Harshkumar Singh Patel, and

2. STEVE ANTHONY SHAND,

        Defendants.

     The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Michael McBride, Assistant United States Attorney, hereby moves the Court for an order restricting the dissemination and use of certain discovery material, including "Protected Material" as defined below, in this criminal case pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3509(d)(3). The government intends to make supplemental discovery disclosures in this matter, which include sensitive medical, immigration, crime scene photos, and other information that may jeopardize witnesses and future investigations. The government believes producing redacted copies of discovery to the defense will make it

unusable or overly burdensome to the defense. Therefore, it is appropriate to have a protective order in place to protect the safety and privacy of the affected individuals while allowing the defense to have unredacted material.

In support of its motion, the United States alleges and states the following:

1. On March 21, 2024, the defendants were charged by superseding indictment with conspiracy to bring aliens to the United States causing serious bodily injury and placing lives in jeopardy (Count 1); aiding and abetting bringing aliens to the United States causing serious bodily injury and placing lives in jeopardy (Count 2); bringing or attempting to bring aliens to the United States causing serious bodily injury and placing lives in jeopardy (Count 3); conspiracy to transport aliens causing serious bodily injury and placing lives in jeopardy; (Count 4); aiding and abetting the transport of aliens in the United States causing serious bodily injury and placing lives in jeopardy (Count 5); transportation of aliens in the United States causing serious bodily injury and placing lives in jeopardy (Count 6); and transportation of aliens in the United States for the purpose of commercial advantage and private financial gain (Count 7).

2. The government has continued to investigate this case as well as other, currently un-charged, conspirators. Included in the discovery is identifying information concerning some of these individuals, and confidential sources of information regarding them.

3. The United States' discovery materials also contain a significant volume (over approximately 200 gigabytes) of media, and those media files contain information

regarding witnesses' PII, sensitive information, and financial information. Producing unredacted copies of the discovery (subject to the proposed protective order) will aid the preparation of the defense while also protecting the privacy and safety interests related to the protected material.

4. Also included in the discovery materials are sensitive medical records of victims, immigration records of the defendant, witnesses, and victims, sensitive crime scene photos, and other sensitive information of witnesses, victims, and the defendants.

5. The Government is cognizant of its duty to protect the personally identifiable information of victims and witnesses. Under to the Crime Victims' Rights Act, 18 U.S.C. § 3771(a)(8), a crime victim has the right "to be treated with fairness and respect for the victim's dignity and privacy."

6. There is a possibility that witnesses and victims associated with this investigation could suffer harm if those individual's personal information is freely disseminated, given that those individuals are not charged in the instant federal matter. Such risks are compounded by the ease with which electronic information may be copied and disseminated. In an effort to avoid such harm, and mindful of its duties to protect sensitive victim and witness information of both minors and adults, the Government submits the proposed protective order.

7. Therefore, the Government respectfully requests that this Court enter a Protective Order, including limiting the dissemination of "Protected Material," that is, any material disclosed by the United States in connection with the above-captioned case containing:

a. the identities of victims and witnesses, and the identity of any new victims or witnesses who may be identified;

b. the PII of any victim or witness in this case, including, but not limited to, telephone numbers, residential addresses, email addresses, social media accounts, Social Security numbers, medical information, and dates of birth;

c. Immigration records of any victim or witness in this case;

d. Crime scene photographs showing victims; and

e. medical information of any victim or witness in this case, whether currently in the possession of the United States, or medical records or medical data relating to the victim and witnesses that may be obtained by the United States as a part of the discovery process during the course of this litigation.

8. It is further requested that the Protective Order state:

a. Discovery material shall be held in strict confidentiality by the defendants, and defense counsel and may be used only for purposes of this litigation;

b. Defense counsel shall limit the making of copies of the Protected Material to those necessary to their activities as counsel to defendants in this action (co-counsel, paralegals, investigators, experts, litigation support personnel, and secretarial staff), but that under no circumstances will un-redacted copies be provided directly to the

defendants or left with them in a detention facility; however, Defense counsel may give copies of discovery materials directly to defendants provided that Protected Material is first redacted from them;

c.  All individuals having access to these materials shall be informed of the terms of the Protective Order prior to disclosure and shall certify, by signing a copy of the Protective Order, that they have read the terms of the Protective Order and understand that they are bound by these terms;

d.  Defense counsel may advise defendants of the contents of the Protected Material and review the Protected Material with defendants without providing unredacted copies or allowing the copying or retention of any Protected Material, subject to the condition that the defendant read the Protective Order and that he or she understands and agrees to be bound by its terms;

e.  If defense counsel brings the Protected Material to any detention facility, the Protected Material must remain in defense counsel's possession and control at all times and may not be left with defendants, but must be removed by defense counsel upon leaving the facility;

f.  Any filings with the Court that contain Protected Material shall be handled consistent with 18 U.S.C. § 3509(d)(2) and the guidance in Local Rule 49.1;

g.  Any documents or other materials containing the Protected Material, and all copies of them, must be destroyed or returned to the Government within thirty (30) days of the conclusion of this litigation; and

h.  Use of the Protected Material covered by the Protective Order for any purpose other than the instant litigation shall be deemed a violation of the Protective Order punishable by sanctions, including contempt of court.

Dated: September 30, 2024

Respectfully Submitted,

ANDREW M. LUGER
United States Attorney

*s/ Michael P. McBride*
BY:  MICHAEL P. MCBRIDE
Assistant United States Attorney