UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVE ANTHONY SHAND,<br><br>Defendant. | NO.: 22-CR-40 (JRT/LIB)<br><br>**STEVE SHAND'S OBJECTION TO THE GOVERNMENT'S MOTION FOR PROTECTIVE ORDER** |

Steve Shand, by and through his attorneys, objects to portions of the proposed protective order sought by the Government.

Mr. Shand was arrested on January 19, 2022. He was charged by complaint on January 20, 2022. (ECF No. 1). He was indicted on February 16, 2022. (ECF. No. 12). A superseding indictment was filed on March 21, 2024. (ECF No. 72). This Court issued an eleventh amended arraignment order on March 27, 2024, requiring Government Rule 16(a) disclosures be made by April 3, 2024. (ECF No. 80). On July 10, 2024, the Court set a trial date of November 18, 2024. (ECF No. 107). On September 26, 2024, the Government communicated to Counsel that additional discovery was being prepared for disclosure, but believed a protective order was necessary for the disclosure. On September 27, 2024, Counsel for Mr. Shand communicated to the Government that Mr. Shand would be objecting to the protective order, but to facilitate discovery he would agree to abide by the terms of the Government's proposed protective order until the Court issued an order. The Government filed a motion for a protective order on September 29, 2024. (ECF No. 115). Counsel for Mr. Shand has still not received the discovery.

1

The Government's motion for a protective order indicates it will be disclosing "(over approximately 200 gigabytes)" of discovery. (ECF No. 115 at p. 2). The Government writes that the protective order is needed because "there is a possibility that witnesses and victims associated with this investigation could suffer harm…" (ECF No. 115 at p. 3). The Government has offered no specific evidence to support this "possibility".

Mr. Shand generally objects the protective order but given the Government's apparent untimely disclosures and the very near trial date, Mr. Shand is willing to abide by a protective order that allows him to possess the discovery in an unredacted form.[1] Mr. Shand will abide by the same terms as Counsel in regard to the dissemination of the discovery. Mr. Shand lives in Florida, and it is not feasible for Mr. Shand to meet with his Counsel to review over "200 gigabytes" of discovery prior to the start of trial.

Counsel for Mr. Shand objects entirely to the requirements contained in Paragraph 8(g). Mr. Shand's Counsel has ethical duties to maintain copies of the materials that make up a client's file. Additionally, the discovery is the evidence the Government is using to prosecute Mr. Shand. Absent a showing that Mr. Shand will not abide by the conditions of a protective order, he should not be required to return the evidence the Government is using to prosecute him.

Given the rapidly approaching trial date, Counsel again affirms that Counsel will comply with the Government's proposed protective order until the Court issues a final order resolving this objection.

---

[1] By agreeing to abide by a protective order, Mr. Shand is not forfeiting his right to move the Court, if appropriate, to exclude discovery and evidence for failure to comply with Rule 16 and this Court's arraignment order.

Dated:  September 30, 2024.                                         Respectfully submitted,

<u>*s / Aaron J. Morrison*</u>
AARON J. MORRISON
Attorney ID No. 341241
LISA M. LOPEZ
Attorney ID No. 395791
Attorneys for Mr. Shand
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415