UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 22-cr-40 (JRT/LIB) |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| Harshkumar Ramanlal Patel (1), Steve Anthony Shand (2), | |
| Defendants. | |

On September 29, 2024, the United States moved, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3509(d)(3), for an order restricting the dissemination of certain very late disclosed discovery material. [Docket No. 115].

On September 30, 2024, Defendant Steve Shand filed an Objection to the Government's Motion for Protective Order [Docket No. 117], and on October 1, 2024, Defendant Harshkumar Patel filed a letter [Docket No. 118] adopting Defendant Shand's Objections for the reasons stated therein. The Defendants only generally object to the Protective Order. The Court now issues this Protective Order, but in doing so, the Defendants are not forfeiting their right to move the Court, if appropriate, to exclude discovery and evidence for failure to comply with Rule 16 and this Court's prior Arraignment Orders.

Based upon review of the files and proceedings herein, and for good cause shown, **IT IS HEREBY ORDERED** that the Government's Motion for Protective Order [Docket No. 115] is **GRANTED**, and that "Protected Material," as defined below, shall be held in strict confidentiality and used only in connection with the defense of the charges in this case, and for no other purpose.

The Court further **ORDERS** as follows:

1. "Protected Material" includes:

   a. The identities of victims and witnesses, and the identity of any new victims or witnesses who may be identified;

   b. The Personal Identifiable Information of any victim or witness in this case, including, but not limited to, telephone numbers, residential addresses, email addresses, social media accounts, Social Security numbers, medical information, and dates of birth;

   c. Immigration records of any victim or witness in this case;

   d. Crime scene photographs showing victims; and

   e. Medical information of any victim or witness in this case, whether currently in the possession of the United States, or medical records or medical data relating to the victim and witnesses that may be obtained by the United States as a part of the discovery process during the course of this litigation.

2. Protected Material may be used solely for purposes of this litigation and for no other purpose.

3. Defense counsel shall limit the making of unredacted copies of the Protected Material to those necessary to their activities as counsel to the Defendants in this action. However, no unredacted copies may be provided directly to the Defendants.

4. All individuals having access to these materials shall be informed of the terms of the Protective Order prior to disclosure and shall certify, by signing a copy of the Protective Order,

that they have read the terms of the Protective Order and understand that they are bound by these terms.

5. Defense counsel may advise the Defendants of the contents of the Protected Material and review the Protected Material with the Defendants, without providing unredacted copies or allowing the copying or retention of any of the Protected Material, subject to the condition that each Defendant has read the Protective Order and that they understand and agrees to be bound by its terms.

6. If defense counsel brings any Protected Material to any detention facility, the Protected Material must remain in defense counsel's possession and control at all times and may not be left with the Defendants, but must be removed by the defense counsel upon leaving the facility.

7. Any documents or other materials containing the Protected Material, and any and all copies of them, must be returned to the government or destroyed within thirty (30) days of the conclusion of this litigation, except that Defense counsel may retain for their respective files their work product or copies of Protected Material filed with the Court;

8. Any Protected Material retained by Defense counsel pursuant to paragraph 7 shall continue to be subject to this Protective Order; and

9. Use of the Protected Material covered by this Protective Order for any purpose other than the instant litigation shall be deemed a violation of the Protective Order punishable by sanctions, including contempt of court.

Dated:  October 18, 2024                                          s/Leo I. Brisbois
                                                                                   Hon. Leo I. Brisbois
                                                                                   U.S. MAGISTRATE JUDGE

4

**<u>CERTIFICATION</u>**

     By signing below, I, _____ (please print legibly), hereby certify that I have read this Order and agree to be bound by its terms.

_____                       _____
Date                                                  Signature