UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-40 (JRT/LIB)

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

(1) HARSHKUMAR RAMANLAL PATEL,
   a/k/a "Dirty Harry,"
   a/k/a Harry Patel,
   a/k/a Param Singh,
   a/k/a Haresh Rameshlal Patel,
   a/k/a Harshkumar Singh Patel, and

(2) STEVE ANTHONY SHAND,

    Defendants.

GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE EVIDENCE PURSUANT TO FED. R. EVID. 404(b)

The United States of America by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, Assistant United States Attorney Michael P. McBride and Trial Attorney Ryan Lipes, hereby gives notice of its intent to introduce evidence of the facts and circumstances surrounding the following crimes, wrongs, or other acts of the defendants:

    **a. Evidence that Shand and Patel Smuggled Individuals Across the United States/Canada Border and Transported them within the United States on Four Occasions Preceding January 19, 2022.**

At trial, the government will offer evidence that on or about December 12, 21-22, and 28-29, 2021, and on or about January 11-12, 2022, the defendants conspired to and did smuggle individuals across the United

States/Canada border and transport them within the United States. The government will introduce cellphone location data, travel records, vehicle rental records, communications, bank records, observations of Customs and Border Patrol Agents, and other evidence that shows the defendants' conspiracy. These smuggling events took place at the same intersection in Minnesota that Shand was arrested at on January 19, 2022—180th Street and 410th Avenue North—east of Pembina, North Dakota. They also followed the same plan and pattern of the January 19 smuggling attempt, forming a common scheme and plan. In each instance, Shand travelled to northern Minnesota at the direction of Patel, picked up smuggled individuals at the same location just inside the United Sates and transported them to various locations in the United States. Patel then paid Shand for transporting the individuals.

To start, this evidence is intrinsic to the charged conspiracy to bring aliens to the United States and transport them within the United States because the prior smuggling events prove the existence of an agreement between the defendants to commit the charged crimes. "In conspiracy cases, like this one, in which the government is required to prove the existence of an agreement between the conspirators . . . the government has considerable leeway in offering evidence of other offenses." *See United States v. Maxwell*, 643 F.3d 1096, 1100 (8th Cir. 2011) (internal citations and quotations omitted).

In a conspiracy case, proving that the defendants intentionally reached an agreement to commit a crime is an element of the offense, so evidence of uncharged bad acts—like evidence of the co-conspirators agreeing to smuggle aliens across the border multiple times in the two months preceding the charged offense—is "proof of the existence of the conspiracy." *Id.* Evidence is also intrinsic if it shows "how the conspiracy came about" and "how it was structured." *See United States v. Watkins*, 591 F.3d 780, 784-85 (5th Cir. 2009) (finding two previous drug runs before the charged offense was "relevant to establish how the conspiracy was structured and operated, and thus intrinsic"); *United States v. Ceballos*, 789 F.3d 607, 621 (5th Cir. 2015) (finding a "strong basis to conclude" that a notebook ledger showing earlier dates in a smuggling conspiracy was intrinsic because it showed how the conspiracy was structured). Here, the earlier smuggling dates show both the existence of a conspiracy and how Shand and Patel structured the conspiracy. Because this evidence is probative of the charged crimes, it "does not fall within the ambit of Rule 404(b)." *See United States v. Aranda*, 963 F.2d 211, 214 (8th Cir. 1992).

In any event, this evidence is admissible under Rule 404(b). This evidence will be offered to prove the defendants' intent, preparation, plan, knowledge, identity, absence of mistake, and lack of accident. Evidence of these prior smuggling events is relevant to whether defendants Shand and Patel had the knowledge and intent to enter into the charged conspiracy. *See*

*United States v. Turner*, 583 F.3d 1062, 1066 (8th Cir. 2009) (admitting prior incidents of manufacturing methamphetamine to show the defendant had the intent to enter into charged conspiracy to manufacture methamphetamine). Specifically, evidence of the similarity of these close-in-time, prior smuggling events to the instant offense and the defendants' participation in them will show the defendant's intent to smuggle and transport unlawful aliens for financial gain; it will show their preparation and plan to smuggle and transport individuals in a remote, secretive location; it will show their knowledge of the unlawful status of the aliens; it will identify the defendants by their distinctive acts in furtherance of the smuggling and transportation; and it will demonstrate that the defendants were not mistaken in transporting the individuals or accidentally involved in the charged crimes.

### b. Evidence that Patel Possessed a Fraudulent Maryland Driver's License.

At trial the government will introduce evidence that Patel possessed a fake Maryland driver's license, which was obtained as part of the larger human smuggling operation of which he was a part. The government will show that the smuggling operation was able to procure fake Maryland driver's licenses for its members and did so for Patel. This evidence will thus identify Patel as a member of the conspiracy to smuggle into and transport within the United States undocumented Indian aliens.

Dated: October 21, 2024 　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　ANDREW M. LUGER
　　　　　　　　　　　　　　　　　　　United States Attorney


　　　　　　　　　　　　　　　　　　　*/s/ Michael P. McBride*
　　　　　　　　　　　　　　　　　　　BY: MICHAEL P. MCBRIDE
　　　　　　　　　　　　　　　　　　　Assistant U.S. Attorney
　　　　　　　　　　　　　　　　　　　MN Bar No. 0397292

　　　　　　　　　　　　　　　　　　　Ryan Lipes Trial Attorney
　　　　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　　　　N.Y. Bar No. 5404843
　　　　　　　　　　　　　　　　　　　(202) 514-4715
　　　　　　　　　　　　　　　　　　　Ryan.Lipes@usdoj.gov