UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.: 22-CR-40 (JRT/LIB) |
| Plaintiff, | |
| v. | **STEVE SHAND'S FIRST MOTIONS IN LIMINE** |
| STEVE ANTHONY SHAND, | |
| Defendant. | |

Steve Shand, by and through his attorneys, hereby submits the following motions in limine. At this time Mr. Shand has not received copies of the Government's proposed exhibits. Mr. Shand anticipates additional motions in limine upon receipt of the exhibits.

**1. Motion to Exclude**

Mr. Shand moves this Court to exclude the Government's October 2024, Rule 16(a) disclosures as untimely.

Mr. Shand was arrested on January 19, 2022. He was charged by complaint on January 20, 2022. (ECF No. 1). He was indicted on February 16, 2022. (ECF No. 12). On February 22, 2022, this Court ordered disclosure of all Rule 16(a) materials by March 1, 2022. (ECF No. 14). On March 1, 2022, the Government made initial disclosures including approximately 600 pages of documents. On September 1, 2022, supplement media disclosures were made. On May 1, 2023, Mr. Shand filed a Rule 16 motion. (ECF No. 54). The Government filed a response on May 15, 2023, indicating the Government had already complied with Rule 16 disclosure requirements. (ECF No. 55). A superseding indictment was filed on March 21, 2024. (ECF No. 72). This Court then

1

issued an eleventh amended arraignment order on March 27, 2024, requiring the Government to make all Rule 16(a) disclosures by April 3, 2024. (ECF No. 80). On April 3, 2024, the Government made disclosures duplicating the previous disclosures and adding approximately 600 additional pages. On July 10, 2024, the Court set a trial date of November 18, 2024. (ECF No. 107). On September 26, 2024, the Government communicated to Counsel that additional discovery was being prepared for disclosure, but believed a protective order was necessary for the disclosure. On September 27, 2024, Counsel for Mr. Shand communicated to the Government that Mr. Shand would be objecting to the protective order, but to facilitate discovery he would agree to abide by the terms of the Government's proposed protective order until the Court issued an order. The Government filed a motion for a protective order on September 29, 2024. (ECF No. 115). On September 30, 2024, Mr. Shand filed an objection to the protective order but again indicated that to facilitate discovery he would abide by the Government's proposed protective order until the Court issued a final protective order. (ECF No. 115). On October 3, 2024, the Court ordered immediate disclosure. (ECF No. 120). Later that same day the Government disclosed an additional 900 pages and requested that Mr. Shand provide a thumbdrive to receive the additional 206GB of Rule 16 materials. Fifteen days later on October 18, 2024, the Government provided an additional 5,000 pages of Rule 16 materials. Within both of the October disclosures are Rule 16(a) documents that have clearly been in the Government's possession for many months and likely years prior to October of 2024.

The Government's failure to comply with Rule 16 requires sanctions. Rule 16(d)(2) expressly provides for the exclusion of evidence as a sanction for failure to

comply with discovery obligations. *See also United States v. Davis*, 244 F.3d 666, 670 (8th Cir. 2001) (reviewing the district court's "broad" authority to impose sanctions for the Government's discovery violations). Mr. Shand is at a significant disadvantage at having received thousands of pages and over 200GBs of data just a month before trial. Of significance, for the first time in the October disclosures Mr. Shand received medical records related to the element of serious bodily injury. He also received expert witness disclosures regarding testimony from medical examiners with the note that the documents underlying the experts' testimony will be disclosed at some future date. The Government's failure to comply with Rule 16 in this case cannot simply be characterized as last-minute new investigation. The medical records were all created in January of 2022. In March of 2024, the superseding indictment charged Mr. Shand with causing serious bodily injury. Nevertheless, the Government waited until October of 2024, a month before trial, to disclose medical records necessary to prove the element of serious bodily injury. The failure to disclose was either willful or in reckless disregard of this Court's order, either way sanctions in the form of exclusion of evidence are required.

**2.    Steve Shand's Proffer Statements**

In March of 2022 and February of 2023, Mr. Shand gave statements pursuant to proffer protection. On October 25, 2024, the Government agreed that consistent with Mr. Shand's proffer terms, his statements are not admissible unless he testifies or presents evidence through other witnesses that contradicts statements he made in the proffer sessions. Mr. Shand asks the Government provide notice outside the presence of the jury if the Government believes Mr. Shand has opened the door.

3.  **Steve Shand's "Statements" Pursuant to Rule 801(d)(2).**

Mr. Shand moves to exclude any of his statements offered by the Government pursuant to Federal Rule of Evidence 801(d)(2). First, Mr. Shand objects to any statement being introduced pursuant to Rule 801(d)(2) as violative of his due process rights pursuant to the Fifth and Sixth Amendment.[1] Blanket admissibility of the party-opponent statements violates Mr. Shand's Fifth Amendment right to remain silent. The words offered by the Government are in essence forced testimony, evidence prohibited by the right to remain silent. There is also no rational basis that party-opponent statements are in some way more trustworthy, similar to excited utterances or dying declarations. To allow admission of untrustworthy hearsay statements violates his due process rights to a fair trial. The party opponent exception to hearsay is an unfair, untrustworthy exception to hearsay that violates Mr. Shand's constitutional rights.

4.  **Sequestration**

Pursuant to Rule 615 of the Fed. R. Evid., Mr. Shand moves this Court for an Order sequestering witnesses with the exception of one case agent for each party.

\*   \*   \*

As previously indicated, Mr. Shand anticipates he will raise additional motions in limine regarding admissibility of evidence once the Government discloses exhibits and witnesses.

Finally, Mr. Shand will address the Government's Rule 404(b) and any Rule 609 notices following review of the Government's trial brief and pre-trial submissions.

---

1.  See 54 Tex.Tech.L.Rev. 39, *Using the Rules of Evidence to Control Criminal Confessions.*

Dated: October 28, 2024.				Respectfully submitted,

				*s / Aaron J. Morrison*
				AARON J. MORRISON
				Attorney ID No. 0341241
				LISA M. LOPEZ
				Attorney ID No. 395791
				Attorneys for Mr. Shand
				107 U.S. Courthouse
				300 South Fourth Street
				Minneapolis, MN  55415