# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
*Criminal No.: 22-40 (JRT/LIB)(1)*

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> HARSHKUMAR PATEL, <br><br> Defendant. | **DEFENDANT'S MOTION IN LIMINE CRIME SCENE PHOTOS** |

The Defendant, HARSHKUMAR PATEL, by and through the undersigned attorney, moves the Court for an order barring the introduction or display of crime scene and/or autopsy photographs or videos of the deceased victims, or photographs or videos of the victims while alive. Such evidence is not relevant, because the defense does not dispute that the victims, \_\_\_\_\_, did in fact die of exposure as a result of the severe cold. While such photographs are therefore irrelevant to any material or disputed issue, the introduction of such photos as evidence at the in this case would be highly inflammatory and unduly prejudicial, and would result in unfair proceedings in this case. This motion is made pursuant to the Fifth, Sixth, and Eighth Amendments of the United States Constitution and Rules 402 and 403 of the Federal Rules of Evidence.

## I. ARGUMENT

Mr. Patel moves this Court under the Fifth, Sixth and Eighth Amendments to the United States Constitution and Rules 401[1], 402[2], and 403[3] of the Federal Rule of Evidence to prohibit the government from introducing or displaying inflammatory crime scene and/or autopsy photographs or videos of the deceased victims, as well as any photograph or videos of the victims while they were alive. The defense does not dispute the cause of death of the victims. Therefore, photographs of the victims' bodies from the scene of the crime, or photographs taken during the subsequent autopsy, are not relevant to any material issue in this case. While such photographs are not relevant, they are unduly prejudicial to the defense, and are likely to inflame the jury and skew its verdict in this case. The defense thus requests that any such photographs be excluded from admission as evidence at the trial. See *Bruton v. United States*, 391 U.S. 123, 131 n.6 (1968) ("An important element of a fair trial is that a jury consider only relevant and competent evidence bearing on the issue of guilt or innocence."). For similar reasons, any photographs, or videos of the victims while they were still alive are also irrelevant and very inflammatory and prejudicial to the defense, and should be excluded.

Accordingly, Mr. Patel requests that this Court conduct a hearing to determine the admissibility in this case of any photographs or videos of the victims. The only purpose served by the introduction of crime scene and autopsy photographs or videos, or photographs or videos of the victims while they were alive, will be to inflame the passions of the jury. If this occurs, Mr. Patel will be denied his right to due process and a fundamentally fair trial under the United States Constitution. It is beyond dispute that the Due Process Clause requires "a jury capable and willing

---

[1] Rule 401 defines "relevant evidence" as evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
[2] Under Rule 402, "[e]vidence which is not relevant is not admissible."
[3] Rule 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence."

to decide the case solely on the evidence before it, and a trial judge ever watchful to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen." *Smith v. Phillips*, 455 U.S. 209, 217 (1982); see also *California v. Trombetta*, 467 U.S. 479, 485 (1984) (pursuant to due process, "criminal prosecutions must comport with prevailing notions of fundamental fairness"); *Ross v. Oklahoma*, 487 U.S. 81, 85 (1988) (central to concept of fundamental fairness is notion that "a defendant on trial for his life [has] the right to an impartial jury").

## CONCLUSION

The introduction of irrelevant and extremely prejudicial photographs or videos of the victims in this case would render Mr. Patel's trial unreliable in violation of the Eighth Amendment and fundamentally unfair under the Fifth and Sixth Amendments to the United States Constitution. For the reasons set forth above, this Court should exclude any photograph or videos of the victims that the government seeks to admit at trial in this case.

Respectfully submitted,

Dated: October 28, 2024

*/s/ Thomas More Leinenweber*
Thomas More Leinenweber
Appearing Pro Hac Vice
Attorney for Defendant
120 North LaSalle Street, Suite 2000
Chicago, IL 60602
Phone: (312) 403-1312
Email: thomas@ilesq.com