UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.: 22-40 (JRT/LIB)(1)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| vs. | ) **DEFENDANT'S MOTION IN LIMINE** |
| HARSHKUMAR PATEL, | ) **UNDISCLOSED EXPERTS** ) |
| Defendant. | ) ) ) |

The Defendant, Harshkumar Patel, by and through Counsel, respectfully moves this Court for an Order prohibiting the government from offering any previously undisclosed expert testimony pursuant to Fed. R.s Evid. 701, 702, 703, or 705.

The Government has yet to disclose expert witnesses. Counsel's concern is the Government calling officers, citizen witnesses and co-operating witnesses as covert experts without notice to provide opinion evidence. A Court order barring the government from offering such opinions is necessary to vindicate the Defendant's rights under the Fifth Amendment to the United States Constitution, the Court's Orders and Rules, and respect fundamental fairness.

Mr. Patel brings this motion requesting the Court provide clarity to the trial by issuing an order barring the government from offering into evidence any testimony that exceeds the scope of Rule 701 of the Federal Rules of Evidence: Rule 701 of the Federal Rules of Evidence States:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:

> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Id.

Mr. Patels's concern is fairness. When a party provides undisclosed expert testimony to the jury—or expert testimony couched as lay testimony—the opposing party has no chance to know ahead of time what that testimony may be. It is a serious impairment which decays any concept of due process for the defense to have no chance to vet these opinions, no chance to bring *Daubert* challenges against proffered conclusions or methodology and no chance to have an expert review these opinions before trial.

The Advisory Committees' Notes in the Federal Rules of Evidence and Federal Rules of Criminal Procedure affirm the rule is designed to prevent exactly the concerns above and are the reasons these Rules exist. Review of their guidance confirms that the amendments were specifically intended to prevent surprise, allow review of expert qualifications, and allow more complete trial preparation. See Committee Notes to Fed. R. Crim. P. Rule 16 (1993 Amendment and 2022 Amendment)

Preclusion of undisclosed expert testimony and evidence is available and, under these circumstances, an appropriate remedy. First, the Court is within its power under the Rules to exclude any expert testimony proffered at trial. Fed. R. Crim. P. Rule 16(d)(2) ("If a party fails to comply with this rule, the court may: […] (C) prohibit that party from introducing the undisclosed evidence"). Caselaw affirms this authority. *United States v. Shepard*, 462 F.3d 847, 866 (8th Cir. 2006) ("district court may order the government to disclose the evidence, grant a continuance, prohibit use of the evidence at trial, or 'enter any other order that is just under the circumstances.'") (internal quotations and citations omitted).

The relief sought, exclusion, is not unique. In *United States v. Davis*, 244 F.3d 666 (8th Cir. 2001) a proffered expert was excluded due to late disclosure or no disclosure. *See also United States v. Causey*, 748 F.3d 310, 318-19 (7th Cir. 2014) (same); *United States v. Hoffecker*, 530 F.3d 137 (3d Cir. 2008) (same, and collecting cases regarding the same).

## CONCLUSION

A Court Order barring the government from entering any expert testimony is required to vindicate the Fifth Amendment to the United States Constitution, the Federal Rules of Criminal Procedure and Evidence, this Court's Order, and the fundamental equities of this case.

Respectfully submitted,

Dated: October 28, 2024

*/s/ Thomas More Leinenweber*
Thomas More Leinenweber
Appearing Pro Hac Vice
Attorney for Defendant
120 North LaSalle Street, Suite 2000
Chicago, IL 60602
Phone: (312) 403-1312
Email: thomas@ilesq.com