# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
*Criminal No.: 22-40 (JRT/LIB)(1)*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br>vs.<br><br>HARSHKUMAR PATEL,<br><br>                      Defendant. | **DEFENDANT'S MOTION IN LIMINE TO EXCLUDE 404/609 EVIDENCE OF PAST BAD ACTS** |

On October 21, 2024, the government gave notice of its intent to offer evidence that Mr. Patel:

1. Smuggled Individuals Across the United States/Cananda Border and Transported them within the United States of Four Occasions Preceding January 19, 2022; and

2. Possessed a Fraudulent Maryland Driver's License.

See also Government's Motion (ECF 122).

Mr. Patel, through counsel, moves to prohibit this evidence because the evidence is not intrinsic to the crime charged in this case. A bad act is intrinsic when the act itself is part of the charged offense. See *United States v. Maxwell*, 643 F.3d 1096, 1100 (8th Cir. 2011)(citation omitted). Intrinsic evidence can provide "the context in which the charged crime occurred." See *United States v. Johnson*, 463 F.3d 803, 808 (8th Cir. 2006). It can complete the story of the crime or logically prove one or more elements of the crime charged. *United States v. Vaca*, 38 F.4th 718, 721 (8th Cir. 2022)(quoting *United States v.*

*Jackson*, 913 F.3d 789, 792 (8th Cir. 2019)(quotations omitted)). This evidence fails to meet any of the above-mentioned thresholds for admissibility.

All the referenced events are not relevant to whether Mr. Patel was involved in the smuggling of individuals across the United States/Canadian Border on January 19, 2022.

In addition to relevance, the alleged acts must pose some probative value that is not substantially outweighed by its prejudicial value. See *United States v. Bass*, 794 F.2d 1305, 1313 (8th Cir. 1986), cert. denied, 479 U.S. 869 (1986)(citing Fed. R. Evid. 403).

The proffered evidence is not admissible under Rule 404(b). Rule 404(b) provides that past bad acts evidence is only admissible if: "(1) it is relevant to a material issue; (2) is similar in kind and not overly remote to the crime charged; (3) it is supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative value." See United *States v. Nyah*, 35 F.4th 1100, 1108 (8th Cir. 2022), cert. denied, 143 S.Ct. 389, 214 L.Ed.2d 190 (2022)(internal quotation marks omitted). Other bad acts not part of the charged offense are inadmissible to prove a person's character or propensity to commit a crime in accordance with that character. *United States v. Johnson*, 439 F.3d 884, 887 (8th Cir. 2006)).

Finally, the fact that Mr. Patel allegedly possessed a fraudulent driver's license is in no way relevant to the fact of the case at bar. There is no causal relationship to whether Mr. Patel committed the crimes with which he has been charged.

Because the proffered evidence fails to meet the standards for admissibility, it must be excluded. Mr. Patel respectfully asks this Court to exclude this evidence.

Respectfully submitted,

Dated: October 28, 2024 */s/ Thomas More Leinenweber*
Thomas More Leinenweber
Appearing Pro Hac Vice
Attorney for Defendant
120 North LaSalle Street, Suite 2000
Chicago, IL 60602
Phone: (312) 403-1312
Email: thomas@ilesq.com