UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.: 22-CR-40 (JRT/LIB) |
| Plaintiff, | |
| v. | **STEVE SHAND'S SECOND MOTIONS IN LIMINE** |
| STEVE ANTHONY SHAND, | |
| Defendant. | |

Steve Shand, by and through his attorneys, hereby submits the following motions in limine. At this time Mr. Shand has received a copy of the Government's exhibit list, but still has not received copies of the Government's proposed exhibits.

**5.     Motion to Exclude Testimony**

On October 21, 2024, the Government disclosed expert witnesses. One expert is Daryl Ritchison, the North Dakota State Climatologist Director. The Government's disclosure indicates he will testify about the weather on January 19, 2022. Subject matter that appears consistent with Mr. Ritchison's training. The disclosure also indicated he will testify about frostbite and hypothermia. Subject matter that does not appear consistent with his training or education. Mr. Ritchison's education is related to earth science and geography. He has worked as a meteorologist and a climatologist. His publications address issues with corn yield. There is nothing to suggest he has any education or training on the subjects of frostbite or hypothermia. His testimony about these subjects should be excluded.

1

## 6. I-213 Forms – Exhibits 18-24

The Government has not disclosed Exhibits 18-24, but it appears the Government is referencing the I-213 forms in the exhibit list. (ECF No. 131). An I-213 form is a U.S. Department of Homeland Security form titled *Record of Deportable/Inadmissible Alien*. The forms found in the Rule 16(a) discovery consist of a biographical sheet of each alien followed by multiple pages of narrative. Mr. Shand objects to the admission of the exhibits on hearsay and Confrontation Clause grounds. *See* Fed.R.Evid. 803(8)(A)(ii).

As the Government's trial brief notes, the Eighth Circuit has not addressed the admissibility of I-213 forms. The Circuits that have addressed the admissibility of I-213 forms have found that the admission of the biographical information portion of the form can be proper. The key factor in these decisions was a finding that in those cases the form was created in the course of the authoring agent's non-adversarial duties and not in anticipation of litigation. *See United States v. Caraballo*, 595 F.3d 1214, 1226 (11th Cir. 2010); *United States v. Noria*, 945 F.3d 847 859 (5th Cir. 2019).

In support of admissibility of the I-213 forms the Government primarily cites to three unpublished opinions. (ECF No. 132 at p. 22). *Flores-Valle v. Garland*, besides being an unpublished opinion, is an opinion arising from the Board of Immigration (BIA), a court that is not bound by the Rules of Evidence or the Sixth Amendment. The BIA routinely uses not only I-213 forms, but police reports. *Flores-Valle* provides no guidance in a criminal case. *United States v. Guia-Lopez*, also cited by the Government, and contrary to the Government's argument, does not support the admission of I-213 forms. In *Guia-Lopez*, the Fifth Circuit addressed the admissibility of form G-166F. In that unpublished case, based on the objections before that court, the biographical sections were deemed

2

admissible.  Then, the Fifth Circuit addressed the admissibility of the information on from G-166F on a broader challenge and in the published opinion, *United States v. Foreman*, 84 F.4th 615, 620 (5th Cir. 2023), found the admission of G-166F inadmissible.  There the Fifth Circuit again instructed that the core issue is whether the public record was prepared in anticipation of litigation.  Simply because a form might most often be used for non-litigation purposes does not create blanket admissibility, especially when the facts demonstrate the form was created in what is clearly a situation where litigation is anticipated.  Finally, the Government's reliance on the unpublished opinion in *United States v. Rodriguez* is also misplaced.  In *Rodriguez*, the Fifth Circuit relies on the holding in *Noria*, that the test of admissibility is why the public document was prepared.  If the "primary" purpose in preparing a public record is anticipation of litigation, then confrontation and Rule 803(8)(A)(ii) are implicated, and admissibility will be error. *Caraballo*, 595 F.3d at 1229, citing *Davis v. Washington*, 547 U.S. 813, 828 (2006).

The I-213 forms in this case were produced in anticipation of litigation and are thus inadmissible.  At 8:30 am on January 19, 2022, Mr. Shand was stopped by the Border Patrol.  A short time later several additional aliens were found by Border Patrol agents and two of them were transported to a hospital.  At 11:10 am Border Patrol Agent Huguley contacted Homeland Security Criminal Investigations Special Agent John Stanley and informed him of the events and asked if he was interested in the case.  SA Stanley indicated he was and immediately reported to the Pembina Border Patrol station.  A little after 12:00 pm the Border Patrol agents were informed by the RCMP that four deceased individuals were found in Canada near the area of the investigation.  SA Stanley arrived on the scene a short time later and began his criminal investigation.  Exhibits 18-24 were created on

3

January 19, 2022, at 10:09 pm. Over ten hours after the criminal investigation was begun. The narratives attached to the first page of the I-213 forms detail that ongoing criminal investigation. In this case, the I-213 forms were created during the course of clear criminal investigation. Thus, the exhibits are excluded as hearsay and a violation of confrontation.

**7.     Foreign National Passports and Visas – Exhibits 25-34 and 55-58**

The Government's exhibit list includes a number of exhibits titled passports or visas. The passports and visas were not issued by the United States. While certain government documents are self-authenticating, a foreign public document that purports to be executed by a government official is only self-authenticating if it is accompanied by an appropriate certificate of genuineness made by the foreign country. *See* Fed.R.Evid. 902(3); *United States v. Pluta*, 176 F.3d 43, 49 (2nd Cir. 1999). At this point the Government has provided no such certificate of genuineness. In this case genuineness and certification are important threshold matters as the very nature of the Government's allegations traditionally involve the use of fraudulent documentation. Indeed, the Government intends to introduce evidence of Co-Defendant Patel's fraudulent driver's license. The Government has had years to prepare this case for trial. The Government's failure to secure a certificate of genuineness at this late stage cannot be excused. Exhibits 25-34 and 55-58 should be excluded.

**8.     Text Messages Between Mr. Shand and his Wife**

The Government seeks to introduce evidence of messages between Mr. Shand and his wife. (ECF No. 126). Mr. Shand still has not received copies of the exhibits. He will make additional specific objections once he has an opportunity to review the actual proposed exhibits. At this time Mr. Shand moves to exclude his statements offered by the

Government pursuant to Federal Rule of Evidence 801(d)(2). He also objects to the portions of the conversations that are not his statements. Mr. Shand recognizes that the Eighth Circuit has generally held that "Where a defendant's admissions are part of a conversation with a third party who is not a witness, the court has discretion to admit the non-witness's statements when they make the defendant's responses "intelligible to the jury and recognizable as admissions." *United States v. Stelten,* 867 F.2d 453, 454 (8th Cir.1988) (per curiam). In that situation, the third-party statements are not offered for the truth of the matter asserted by the non-witness, so they are not hearsay. *Id."* *United States v. Lemon,* 792 F.3d 941, 947 (8th Cir. 2015). Should the Court allow admission, Mr. Shand objects on Rule 403 grounds and in relation to the text messages that purport to be conversations about illegal activity.

As for the Government's argument that the statements are admissible as co-conspirator statements, Mr. Shand submits that it appears the Government is using the statements to establish the conspiracy. Without the texts, the Government only has a flight receipt and vehicle rental record to argue that Mr. Shand's wife was involved in the alleged conspiracy. While there might be reasonable suspicion that Mr. Shand's wife was involved, that does not rise to the level of preponderance of the evidence. Mr. Shand will make more specific arguments once he has an opportunity to actually review the Government's proposed exhibits.

Mr. Shand will likely have further objections to exhibits once the Government provides copies of the exhibits.

Dated:  November 6, 2024.                          Respectfully submitted,

*s / Aaron J. Morrison*
AARON J. MORRISON
Attorney ID No. 0341241
LISA M. LOPEZ
Attorney ID No. 395791
Attorneys for Mr. Shand
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415