

U.S. Department of Justice

Criminal Division

*Human Rights and Special Prosecutions Section*　　　　　　*Washington, D.C. 20530*

November 15, 2024

**VIA ECF**

The Honorable John R. Tunheim
United States District Judge
300 South Fourth Street
Minneapolis, MN 55415

      Re:   *United States v. Patel et al,* **Crim. No. 22-40**
              **Government's Letter Response to Court's Inquiry as to**
              **Count 4 of the Second Superseding Indictment**

Dear Judge Tunheim:

    This letter addresses the Court's question about whether Count 4 of the Second Superseding Indictment properly charges Aiding and Abetting the Transportation of Aliens.

    As discussed below, the offense of transporting aliens, which is charged in Count 4, "precedes" the aiding and abetting provision and so is properly charged. Count 4 also includes the "financial gain" enhancement, which is applicable to the offense of transporting aliens. For sentencing purposes, the government agrees that the defendant cannot receive the enhancement for financial gain (imposing a ten-year maximum) if convicted only under an aiding and abetting theory (which imposes a five-year maximum). But although this enhancement is ultimately immaterial in the sentencing context, it does not invalidate Count 4. At most, this language is surplusage.

**I.**    **The Structure of the Alien Smuggling Statute (8 U.S.C. § 1324)**

    The structure of the alien smuggling statute helps answer this question, because the § 1324 aiding and abetting provision only applies to offenses that "precede" the aiding and abetting provision in the statute. *See* 8 U.S.C.

§ 1324(a)(1)(A)(v)(II). As relevant here, the alien smuggling statute is structured like this:

| Row | Subsection | Provision |
|---|---|---|
| 1 | (a)(1)(A)(i)-(iv) | Criminalizes 4 alien smuggling offenses: (1) Bringing aliens to the U.S., (2) Transporting aliens within the U.S., (3) Concealing aliens from detection, and (4) Encouraging or inducing aliens to come to the U.S. |
| 2 | (a)(1)(A)(v)(II) | Criminalizes aiding and abetting "the commission of any of the preceding acts," which is all the offenses in row 1 above. |
| 3 | (a)(1)(B) | Provides the punishment for *all* the offenses in rows 1 and 2 above. |
| 4 | (a)(2)-(4) | Criminalizes and provides punishment for additional alien smuggling offenses, which are *not* covered by the aiding and abetting provision in row 2 above. |

## II. The Aiding and Abetting Provision is Proper Here Because the Charged Offense—Transporting Aliens—is a "Preceding" Offense, and the Additional Allegation of "Commercial Advantage or Private Financial Gain" is "Immaterial" When Aiding and Abetting is Charged

Count 4 of the Second Superseding Indictment charges aiding and abetting the transportation of aliens under § 1324(a)(1)(A)(ii). This offense "precedes" the aiding and abetting provision, as seen in the table above, and thus the aiding and abetting provision properly applies to this count. Count 4 also adds that it was done for the purpose of commercial advantage or financial gain, an enhancement that can be added in cases of violations of subparagraph (A)(ii) (transporting aliens). *See* 8 U.S.C. § 1324(a)(1)(B)(i).

Although the "financial gain" language can be added to violations of subparagraph (A)(ii), ultimately the Court cannot impose the sentencing enhancement in § 1324(a)(1)(B)(i) if the defendants are only convicted under an aiding and abetting theory. That is because § 1324's aiding and abetting provision has its own maximum sentence of five years. *See* 8 U.S.C. § 1324(a)(1)(B)(ii).

When an indictment charges an offense under § 1324's aiding and abetting provision that includes the "commercial advantage or private financial gain" enhancement, that enhancement is "immaterial." *See United States v. De Jesus–Batres*, 410 F.3d 154, 160-61 (5th Cir. 2005) (finding that the government is not required to prove financial gain even when charged in the indictment if the charges are under § 1324's aiding and abetting provision). In *De Jesus-Batres*, the defendant was convicted of aiding and abetting the transportation and harboring of aliens for commercial advantage and financial gain. *Id*. at 160. The Court noted that it was "immaterial" that the government had charged the "commercial advantage" provision. While affirming the conviction, the Fifth Circuit found that, even if the government proves the enhancement, the sentence cannot exceed the 5-year maximum for aiding and abetting provided in § 1324. *Id*. at 164.

In other words, charging the financial gain enhancement has no effect. By charging the "commercial advantage or financial gain" enhancement with a § 1324 aiding and abetting offense—like the indictment does here in Count 4—the government is offering to prove more than it must but the enhancement cannot be applied at sentencing. As in *De Jesus-Batres*, this affects what sentence can be imposed, but not whether the aiding and abetting charge is valid. At most, the "commercial advantage or financial gain" language is surplusage that could be stricken at the defendants' request. *See* Fed. R. Crim. P. 7(d).

In any event, the government could always request an instruction as to an aiding and abetting theory for Count 3 under 18 U.S.C. § 2, which is functionally the same as the charge in Count 4. *See, e.g., United States v. Clark*, 980 F.2d 1143, 1146 (8th Cir. 1992) ("It is well established that a defendant may be convicted of aiding and abetting even though he was not charged in that capacity."). Given that the alien smuggling statute sets out a lower sentence for aiders and abettors, however, separating out Count 3 from Count 4 will provide a clearer verdict and avoid sentencing issues.

                Respectfully submitted,

                ANDREW M. LUGER
                United States Attorney

By:   */s/ Ryan Lipes*
      Ryan Lipes
      Trial Attorney

U.S. Department of Justice
N.Y. Bar No. 5404843
(202) 514-4715
Ryan.Lipes@usdoj.gov

Michael P. McBride
Assistant United States Attorney
MN Bar No. 0397292