# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Criminal No. 22-40 (JRT/LIB)

Plaintiff,

v.

HARSHKUMAR RAMANLAL PATEL, *also known as* DIRTY HARRY, *also known as*, HARRY PATEL, *also known as*, PARAM SINGH, *also known as* HARESH RAMESHLAL PATEL, *also known as*, HARSHKUMAR SINGH PATEL; and STEVE ANTHONY SHAND,

Defendants.

**MEMORANDUM OPINION AND ORDER DENYING POST-TRIAL MOTIONS**

Michael Patrick McBride and Craig R. Baune, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; Ryan Lipes, **UNITED STATES DEPARTMENT OF JUSTICE**, 1301 New York Avenue Northwest, Washington, DC 20530, for Plaintiff.

Thomas Leinenweber, **LEINENWEBER BARONI & DAFFADA, LLC**, 120 North LaSalle Street, Suite 2000, Chicago, IL 60602; Thomas C. Plunkett, 101 East Fifth Street, Suite 1500, Saint Paul, MN 55101, for Defendant Harshkumar Ramanlal Patel.

Aaron J. Morrison and Lisa M. Lopez, **OFFICE OF THE FEDERAL DEFENDER**, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, for Defendant Steve Anthony Shand.

On January 19, 2022, four Indian nationals attempted to cross the United States-Canadian border. But it was the middle of a particularly harsh Minnesota winter, and tragically, all four froze to death in their journey. After a weeklong trial, a jury convicted

two of the people who orchestrated their trip, Defendants Harshkumar Patel and Steve Shand, on four counts related to their death.[1]  In post-trial motions, both defendants move for a judgment of acquittal notwithstanding the jury's verdict and, in the alternative, for a new trial.  The Court will deny the motions.

**DISCUSSION**

**I.    MOTIONS FOR JUDGMENT OF AQUITTAL**

Rule 29 of the Federal Rules of Criminal Procedure requires the Court, on the defendant's motion, to enter a judgment of acquittal if the evidence is insufficient to sustain a conviction.  Fed. R. Crim. P. 29(a).  The standard for determining whether evidence is insufficient is very strict, requiring acquittal only where there is "no interpretation of the evidence" that would allow a reasonable jury or finder of fact to find the defendant "guilty beyond a reasonable doubt."  *United States v. Gomez*, 165 F.3d 650, 654 (8th Cir. 1999).  In making this determination, the Court looks at the evidence "in the light most favorable to the government, drawing all reasonable inferences and

---

[1] The counts for both defendants included conspiracy to bring aliens to the United States causing serious bodily injury and placing lives in jeopardy (Count 1) in violation of 8 U.S.C. §§ 1324(a)(1)(A)(i), 1324(a)(1)(A)(v)(I), and 1324(a)(1)(B)(iii); conspiracy to transport aliens causing serious bodily injury and placing lives in jeopardy (Count 2) in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(I), and 1324(a)(1)(B)(iii); attempted transportation of aliens in the United States for the purpose of commercial advantage and private financial gain (Count 3) in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i); and aiding and abetting the attempted transportation of aliens for the purpose of commercial advantage and private financial gain (Count 4) in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(i). (2nd Superseding Indictment 1–4, Nov. 6, 2024, Docket No. 156.)

resolving all evidentiary conflicts in favor of the jury's verdict." *United States v. Aponte*, 619 F.3d 799, 804 (8th Cir. 2010). "Reversal is warranted only if no reasonable jury could have found guilt beyond a reasonable doubt." *United States v. Herbst*, 666 F.3d 504, 510 (8th Cir. 2012).

Shand only argues generally that the evidence was insufficient to convict him on all four counts. Patel argues there was no evidence that he was involved in the conspiracy or that he knew the victims were aliens, in the United States illegally, or entering anywhere other than a port of entry.

But this was not a close case. The jury saw, among other things, texts showing Shand and Patel[2] communicated about the conspiracy, location data that Shand had visited the border four different times, witness testimony that Shand was arrested near the border in a van with two other aliens on the day the victims died, financial transactions between Patel and Shand, medical examiner testimony that the victims died of hypothermia, and testimony from a cooperating co-conspirator detailing the full scope of the conspiracy and each member's role in it.

Viewing the evidence in the light most favorable to the United States, the Court finds there was sufficient evidence to find both Shand and Patel were guilty of all four counts beyond a reasonable doubt.

---

[2] Though Patel was called "Dirty Harry" in these texts, the government also offered plenty of testimony that the number was in fact Patel—including corroborating immigration applications, financial applications, driver's license records, and other cell phone records.

II.    **MOTIONS FOR A NEW TRIAL**

In the alternative, both defendants move for a new trial based on alleged errors by the Court during trial.

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  "The district court has broad, but limited, discretion to grant or deny a motion for a new trial based on the sufficiency of the evidence, and it can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict."  *United States v. Vega*, 676 F.3d 708, 722 (8th Cir. 2012) (quoting *United States v. Aguilera*, 623 F.3d 482, 486 (8th Cir. 2010)).  But a motion for a new trial should be granted "sparingly and with caution" and "only if the evidence weighs so heavily against the verdict that a miscarriage of justice may have occurred."  *United States v. McClellon*, 578 F.3d 846, 857 (8th Cir. 2009).

As stated above, the evidence was sufficient for the jury to convict Patel and Shand on all counts beyond a reasonable doubt.  But Shand and Patel each raise errors they believe the Court made such that the interest of justice would require a new trial.

A.    **Untimely *Giglio* Material Disclosure**

Shand and Patel argue that because the United States failed to timely provide *Brady* and *Giglio* material to the defendants ahead of trial, a new trial is warranted.

Due process requires prosecutors to disclose material exculpatory evidence to the accused.  *Brady v. Maryland*, 373 U.S. 83, 87 (1963).  That requirement extends to

evidence that could be used to impeach the prosecutors' witnesses.  *Giglio v. United States*, 405 U.S. 150, 154–55 (1972).  In the Eighth Circuit, these rules apply "only to the discovery, after trial, of information which had been known to the prosecution but unknown to the defense."  *United States v. Gonzales*, 90 F.3d 1363, 1368 (8th Cir. 1996).

Here, the United States failed to provide evidence that one of its witnesses, Intelligence Analyst Dan Huguley, had been suspended from the United States Customs and Border Patrol for two weeks for misconduct in 2020.  By the United States' account, prosecutors were not notified of this information until near the end of trial, and both the Court and Defendants did not receive notice until after closing arguments.  To remedy the error, the Court gave a curative instruction, stipulated by the parties, as follows:

> Prior to Border Patrol Agent Dan Huguley's testimony, the Government failed to disclose to the Defendants that Agent Huguley was suspended for 14 days in 2019 for conduct his agency determined called into question his professionalism and influence while on detail in New Mexico, ostensibly to gain access to a female's room without her consent. While his acts were unsuccessful, there was an agency inquiry that found that Agent Huguley committed as charged.  When Agent Huguley met with Special Agent Jimenez to prepare his testimony in this case, he did not disclose his 2019 discipline to the Government, notwithstanding specific questioning that should have led to his disclosure of these facts.
>
> You may use this information to bear on the credibility of his testimony as you see fit.

*United States v. Patel*, No. 22-40, 2024 WL 4882775, at *1 (D. Minn. Nov. 25, 2024).  The jury still convicted both Defendants.

While the Court is troubled by the United States' untimely *Giglio* disclosure, it is insufficient to warrant a new trial. First, the Eighth Circuit has clarified that "[w]here the prosecution delays disclosure of evidence, but the evidence is nonetheless disclosed during trial, *Brady* is not violated." *Gonzales*, 90 F.3d at 1368. Second, "the nondisclosure of *Giglio* evidence only justifies a retrial if the withheld information is deemed material." *United States v. Beckman*, 787 F.3d 466, 492 (8th Cir. 2015) (quoting *United States v. Garcia*, 562 F.3d 947, 952 n.7 (8th Cir. 2009). Here, Agent Huguley testified that he picked up three other migrants (not including any children) who survived the trek across the Canadian border that night. Those migrants left behind a child's backpack, which contained personal effects of the victims at issue. The implication of Agent Huguley's testimony was that the victims who froze to death were part of a larger smuggling operation taking place that night. But another cooperating witness independently testified that the deaths of the four victims in this case were linked to this smuggling incident. The impact of Agent Huguley's testimony on the overall case was minimal, and the Court's curative instruction was more than sufficient to remedy the *Giglio* error.

The Court finds the interests of justice do not demand a new trial for the United States' untimely *Giglio* disclosure.

### B.    Denial of Motion to Sever Trial

Separately, Patel argues a new trial is warranted because his motion to sever the trial was denied. At trial, Patel repeatedly moved to sever the joint trial because Shand's strategy throughout trial was to argue that Shand was an innocent taxi driver for the

-

migrants and that he had simply been deceived by Patel into transporting aliens in the United States. The Court repeatedly denied those motions.

Two defendants may be joined in a single indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Generally, defendants who are "charged in a conspiracy should be tried together, particularly where proof of the charges against the defendants is based upon the same evidence and acts." *United States v. Boyd*, 610 F.2d 521, 525 (8th Cir. 1979).

A court may sever defendants' trials if joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). However, "a defendant seeking severance must show 'real prejudice,' that is, 'something more than the mere fact that he would have had a better chance for acquittal had he been tried separately.'" *United States v. Blaylock*, 421 F.3d 758, 766 (8th Cir. 2005) (quoting *United States v. Oakie,* 12 F.3d 1436, 1441 (8th Cir. 1993)). Specifically, to overcome the strong presumption for joint trials, a defendant must show "(a) his defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants." *United States v. Mickelson*, 378 F.3d 810, 818 (8th Cir. 2004).

Here, Shand and Patel were co-conspirators in the same scheme to transport aliens within the United States, and they were properly tried together. That Shand attempted to shift blame to his co-conspirator is neither a novel trial tactic nor a reason to take the

drastic step of severing trial.  *See Zafiro v. United States*, 506 U.S. 534, 538 (1993) ("Mutually antagonistic defenses are not prejudicial *per se*."); *United States v. Nichols*, 416 F.3d 811, 817 (8th Cir. 2005) (noting "[b]lame-shifting on the part of the defendants" does not require severance).  In fact, Patel's particular argument here has already been foreclosed by the Eighth Circuit.  *United States v. Lynch*, 800 F.2d 765, 768 (8th Cir. 1986) ("It is not sufficient that one defendant be taking the position that he knew nothing of the crime while asserting that his codefendant was involved.").

Furthermore, the Court instructed the jury that it must be careful to "give separate consideration to the evidence about each individual defendant."  (Jury Instrs. at 17, 19, Dec. 3, 2024, Docket No. 179); *see United States v. Delpit*, 94 F.3d 1134, 1144 (8th Cir. 1996) ("[T]he risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions.").

Because the Court finds that Defendants were properly tried together, the interests of justice do not demand a new trial for failure to sever trial.

## CONCLUSION

The evidence presented at trial was sufficient for a reasonable jury to find both defendants guilty beyond a reasonable doubt.  Neither the *Giglio* violation nor the failure to sever trial demand a new trial for either defendant.  Accordingly, the Court will deny the motions for judgment of acquittal and the motions for a new trial.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that

1. Defendant Harshkumar Patel's Motion for Judgment of Acquittal [Docket No. 180]

   is **DENIED**;

2. Defendant Harshkumar Patel's Motion for New Trial [Docket No. 181] is **DENIED**;

   and

3. Defendant Steve Shand's Motion for Judgment of Acquittal or In the Alternative a

   New Trial [Docket No. 183] is **DENIED**.


DATED:  April 8, 2025                                       s/John R. Tunheim
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                              United States District Judge