UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 22-40(2) (JRT/LIB)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

STEVE ANTHONY SHAND,

        Defendants.

**GOVERNMENT'S OPPOSITION TO MOTION TO SEAL TRANSCRIPTS OF PROCEEDINGS**

Following a five-day criminal jury trial and his subsequent conviction, Defendant Steve Shand moves this Court to seal the trial transcripts. But the stated basis for the requested relief—the privacy interests of non-citizen migrants, including a child victim—does not require the wholesale sealing of all trial transcripts. Rather, redaction of sensitive information should address the stated privacy concerns while cohering with the overriding presumption of openness that attaches to criminal trial proceedings. The government therefore respectfully asks the Court to deny Mr. Shand's motion.

Rule 49.1 provides that a court "may order that a filing be made under seal without redaction." Fed. R. Crim. P. 49.1(d). That said, the Supreme Court has long recognized that "a presumption of openness inheres in the very nature of a criminal trial under our system of justice." *Richmond Newspapers,*

*Inc. v. Virginia,* 448 U.S. 555, 556 (1980). Accordingly, the "presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise Co. v. Superior Ct. of California*, 464 U.S. 501, 510 (1984).

Here, Mr. Shand correctly notes that that the trial record contains identifying or sensitive information concerning the child victim in this case. It is unclear to the government, however, that Mr. Shand's proposed remedy—the wholesale sealing of "all information contained in the trial transcripts," ECF No. 293 at 2—is appropriately "tailored" to serve the privacy interests at issue. *Press-Enterprise*, 464 U.S. at 510. Rather, it seems that interest can be adequately served via the targeted redaction of identifying information for, and the medical and autopsy records of, the child victim.

Accordingly, although the government appreciates the concerns motivating Mr. Shand's motion, the government is compelled to oppose the motion and respectfully asks this Court to deny it.

Dated: August 26, 2024         Respectfully Submitted,

                               JOSEPH H. THOMPSON
                               Acting United States Attorney

                               *s/ Garrett S. Fields*
                           BY: GARRETT S. FIELDS
                               Assistant United States Attorney